UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-20875-CR-MOORE/SIMONTON

UNITED STATES OF AMERICA,

       Plaintiff,

v.

CHARLES EDWARD JONES,

       Defendant.

                             /

### REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL

       This matter is before the Court upon Defendant Charles Edward Jones' Motion for Permission to Appeal in Forma Pauperis (DE # 120).  The Motion has been referred to the undersigned United States Magistrate Judge (DE # 121).  For the following reasons, the undersigned recommends that Defendant's Motion to Proceed In Forma Pauperis be DENIED.[1]

### I.  BACKGROUND

       On April 25, 2003, after Defendant Charles Edward Jones was found guilty of, *inter alia*, bank robbery and assault with a deadly weapon, he was sentenced by this Court to a mandatory sentence of life imprisonment pursuant to 18 U.S.C. § 3559(c)(1)(A)(i) (the "three strikes statute") (DE # 74).  The sentence was based upon the federal robbery conviction and Mr. Jones' two prior convictions for serious violent

---

[1] The undersigned Magistrate Judge has treated this motion as case-dispositive motion since, although there is no precedent in the Eleventh Circuit, every Circuit Court of Appeals which has considered the issue has ruled that the denial of such a motion is case-dispositive, although granting the motion is not.  *See, e.g., Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990); *Tripati v. Rison*, 847 F.2d 548 (9th Cir. 1988).  In addition, 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." (emphasis added).

felonies in state court. *Id.*  On August 3, 2009, Mr. Jones filed a Motion for Resentencing Pursuant to 18 U.S.C. § 3559(c)(3)(A), contending that he should be resentenced since one of the state convictions which had been classified as a serious violent felony had been vacated by the State Court and should no longer be considered (DE # 113). Specifically, he alleged that his prior conviction for Burglary with Assault or Battery while Armed had been reduced to eliminate the "Armed" component, and therefore was only a conviction for Burglary with Assault or Battery.  He disputed that this offense by its nature still qualified as a serious violent felony (DE # 113 at 3); contended that since the offense of conviction had changed, the Government's Notice of Enhancement, which relied upon the prior offense of conviction was void (DE # 113 at 4); and, also argued that he met the disqualification or affirmative defense provision of the statute under which an otherwise qualifying felony did not count if the defendant proves that no firearm or other dangerous weapon was used or threatened, and that the offense did not result in death or serious bodily injury (DE # 113 at 1-2, 7).

In response, the Government argued that the offense remained a qualifying serious violent felony since it involved the use or threatened use of physical force DE # 115 at 4-5); that the Defendant had failed to prove that his offense fell within an exception to this treatment since he failed to establish by clear and convincing evidence that no dangerous weapon was used, and that the victim did not suffer serious bodily injury (DE # 115 at 5-6); that the amendment of the Defendant's conviction did not provide a basis for resentencing since his conviction had not been found unconstitutional or vitiated on the basis of innocence (DE # 115 at 6-7); and, that his claim that the Notice of Enhancement was void due to the amendment of his offense of conviction was frivolous (DE # 155 at 7-8).

2

The District Court entered an Order denying the Defendant's Motion on September 2, 2009 (DE #116). In that Order, the Court opined that the 2005 modification of one of Mr. Jones' state court convictions from "Burglary with Assault or Battery while Armed" to "Burglary with Assault or Battery", did not convert that conviction into a "nonqualifying felony" under the federal three strikes statute for purposes of sentencing Mr. Jones (DE # 116). Specifically, the Court held that the offense of burglary with assault or battery was a qualifying offense since under Florida law both assault and battery involved the use, attempted use or threatened use of physical force against another person, and the offense was a first-degree felony punishable by a maximum sentence of at least 10 years in prison. In addition, the Court found that the disqualification provision of the three strikes statute did not apply since it was appropriate to examine the underlying evidence to make this determination, and looking at the unrefuted evidence in the record, Jones' was convicted of reaching inside an elderly victim's vehicle, striking the victim several times with a large brick, and taking $200.00, causing unspecified injuries to the victim which required hospitalization. This constituted an attack with a dangerous weapon; and Jones failed to establish by clear and convincing evidence that he did not cause extreme physical pain to the victim. The Court also summarily rejected the claim that the Notice of Enhancement was void.

In the instant Motion, Defendant Jones, acting *pro se*, requests that this Court permit him to appeal that ruling *in forma pauperis*. The document filed by the Defendant is only a financial Affidavit; he has not specified the specific issues which he seeks to appeal. Therefore, the undersigned has examined each of the contentions he raised in the underlying motion.

3

## II.  LAW AND ANALYSIS

### A.      The Standard For Proceeding In Forma Pauperis on Appeal

The requirements for litigants seeking to proceed *in forma pauperis* in proceedings, including appeals, are set forth in 28 U.S.C. § 1915.  In addition to the financial requirements, that statute provides, in relevant part, "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915 (a)(3).  A defendant's good faith is demonstrated when he seeks appellate review of any issue that is not frivolous.  *United States v. Alvarez,* 506 F. Supp. 2d 1285, 1290 (S.D. Fla. 2007) *citing Coppedge v. United States*, 369 U.S. 438 (1962).  An application to appeal in forma pauperis may be denied "if it appears-objectively-that the appeal cannot succeed as a matter of law." *Id. citing DeSantis v. United Technologies Corp.*, 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998), *aff'd*, 193 F.3d 522 (11th Cir.1999). Further, a case is frivolous for *in forma pauperis* purposes if it appears there is "little or no chance of success." *Id. citing Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir.1993).

### B.      The Appeal in the Case at Bar

In the case at bar, the Defendant seeks to appeal *in forma pauperis* the denial of his Motion for Resentencing pursuant to 18 U.S.C. § 3559(c)(3)(A).  The record clearly demonstrates that any appeal from the denial of the Defendant's motion is frivolous.

Initially, as stated above and analyzed in detail in the Order denying the Motion for Resentencing, it is clear that the offense of burglary with assault or battery was a qualifying offense since under Florida law both assault and battery involved the use, attempted use or threatened use of physical force against another person, and the offense was a first-degree felony punishable by a maximum sentence of at least 10 years in prison.

In addition, any appeal based on the Court's finding that Mr. Jones failed to establish a right to relief under the "disqualification" provision of the statute is also frivolous.  Under the statute, certain felony robbery offenses, as well as offenses described in paragraph (2)(F)(ii) of section 3559 (which includes the offense in the case at bar), are not considered qualifying felonies under the three-strikes statute, if it is shown by clear and convincing evidence that there was no dangerous weapon used or threatened in the commission of the offense; and, the offense did not result in serious bodily injury to any person. 18 U.S.C. § 3559(c)(3)(A)(i),(ii).

In this case, although the Defendant argued that his state conviction became a nonqualifying felony because the Florida State Court vacated his original conviction for "Burglary with Assault or Battery while Armed" and instead entered a conviction for "Burglary with Assault or Battery," the Court correctly determined that Mr. Jones' state court conviction still satisfied the "serious violent felony" requirement of the three-strikes law because Mr. Jones failed to demonstrate by clear and convincing evidence that a dangerous weapon was not used during the course of that offense.  In addition, Mr. Jones failed to demonstrate that the offense did not result in serious bodily injury.[2] In so doing, the Court found that the brick was dangerous weapon, citing to *United States v. Gray*, 260 F.3d 1267 (11th Cir. 2001) where the Eleventh Circuit held that a defendant failed to show that his prior conviction for a robbery perpetrated with a

---

[2] The undersigned is aware that Mr. Jones argued in his Motion for Resentencing that the Victim Injury Report submitted in state court indicated that the victim of the burglary suffered moderate injury.  As noted in the District Court's Order in the case at bar denying the present Motion, the victim of the burglary was 83 years old and was transported to the hospital after being struck several times with a brick, which reasonably resulted in extreme physical pain and thus constituted "serious bodily injury" as defined by 18 U.S.C. § 1365.

screwdriver, a dangerous weapon, met the "nonqualifying felonies" definition under §

3559, for purposes of the three strikes statute.

In fact, the Defendant did not even argue that the underlying conviction did not

include the use of a dangerous weapon, namely a brick, during the perpetration of the

qualifying offense.  Further, based upon the facts in the Presentence Investigation

Report, the Defendant also failed to show by clear and convincing evidence that the

offense did not result in serious bodily injury, as required for the three strikes exception

contained in § 3559(c)(3)(A) to apply.  The only evidence in the record regarding the

injuries reflects that although the Victim Injury Report submitted in State Court indicated

a "moderate injury," the victim was 83 years old and transported to the hospital after

being struck several time with a brick.  As noted by the District Court, the Defendant did

not refute the inference that this caused "extreme physical pain" which therefore meets

the definition of serious bodily injury contained in 18 U.S.C. § 1365.

Finally, the contention that the Notice of Enhancement became void when the

State Court amended the Judgment of Conviction is frivolous.  The Defendant was

clearly placed on notice with respect to the conviction which the Government used to

enhance his sentence under the three strikes law; and, the fact that the judgment of

conviction was amended in a way that did not change the qualification of the offense as

a "serious violent felony" establishes that the notice was sufficient.  The section of the

statute upon which the Defendant relies in seeking resentencing–18 U.S.C. § 3559(c)(7),

provides relief only if the conviction is found to be unconstitutional, which it was not, or

if the conviction is overturned on the explicit basis of innocence, which it was not.

Moreover, if either of those two conditions are met, the statute provides that the

defendant "shall be resentenced to any sentence that was available at the time of the

original sentencing," which in this case remains a mandatory life sentence.

Thus, Mr. Jones' appeal on this issue has no basis in law or fact, and therefore is frivolous and not taken in good faith.  Accordingly, pursuant to the requirements of § 1915(e), the Defendant's Motion to proceed in forma pauperis on appeal should be denied.

### III.  CONCLUSION

Therefore, based on a review of the record as a whole, it is hereby

**RECOMMENDED** that Defendant's Motion to Proceed in Forma Pauperis on Appeal (DE # 120) be **DENIED** pursuant to 28 U.S.C. § 1915(a)(3) on the grounds that the Defendant's appeal is not taken in good faith; and, that the Defendant be required to pay the full amount of the appellate filing fee if he desires to pursue his appeal.  It is further

**RECOMMENDED** that District Judge certify in writing that the appeal is not taken in good faith.

The parties will have ten days from the date of this Order within which to file written objections, if any, for consideration by the United States District Judge to whom this case is assigned.  Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein.  *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** in chambers in Miami, Florida, on November 17, 2009.

*Andrea M. Simonton*
_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies via CM/ECF to:
       District Judge K. Michael Moore
       All counsel and pro se parties of record