UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-20875-CR-MOORE/SIMONTON

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**

**CHARLES EDWARD JONES,**

        **Defendant.**
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION TO CORRECT CLERICAL ERRORS
UNDER RULE 36**

This matter is before the Court upon Defendant Charles Edward Jones' Motion to Correct Clerical Errors under Rule 36 (DE # 132). The Motion has been referred to the undersigned United States Magistrate Judge (DE # 133). For the following reasons, the undersigned recommends that Defendant's Motion be DENIED.

    I.  **BACKGROUND**

On April 25, 2003, after Defendant Charles Edward Jones was found guilty of, *inter alia*, bank robbery and assault with a deadly weapon, he was sentenced by this Court to a mandatory sentence of life imprisonment pursuant to 18 U.S.C. § 3559(c)(1)(A)(i) ("three strikes statute") (DE # 74). The sentence was based upon the federal robbery conviction and Mr. Jones' two prior convictions for serious violent felonies in state court. *Id.*

After sentencing, Mr. Jones filed a number of post-conviction motions. Relevant to the instant Motion, Mr. Jones filed a Motion for Resentencing seeking to be resentenced and/or to have his sentence reduced based upon his contention that one of the state convictions had been vacated by the State Court and therefore could no longer

be considered a "serious violent felony" for purposes of the three strikes statute (DE # 113). In that Motion, he alleged that his prior conviction for Burglary with Assault or Battery while Armed had been reduced to eliminate the "Armed" component, and therefore was only a conviction for Burglary with Assault or Battery.

The District Court denied the Defendant's Motion on September 2, 2009 (DE #116). In so doing, the Court opined that the 2005 modification of one of Mr. Jones' state court convictions from "Burglary with Assault or Battery while Armed" to "Burglary with Assault or Battery", did not convert that conviction into a "nonqualifying felony" under the federal three strikes statute for purposes of sentencing Mr. Jones (DE # 116). Thereafter, Mr. Jones sought to proceed in forma pauperis on appeal of the Court's denial, and that request was also denied by the Court (DE # 124).

On April 2, 2010, the Eleventh Circuit Court of Appeals affirmed the Court's denial of the Motion to Proceed In Forma Pauperis on Appeal related to the denial of the Motion for Resentencing (DE # 130), and on October 18, 2010, the Supreme Court of the United States denied certiorari on the matter (DE # 136).

In addition, on October 3, 2005, Mr. Jones filed a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 seeking to have his sentence vacated on various grounds (DE # 109). (See also, Case No. 05-22622-CIV-KMM, DE # 1). The Motion to Vacate was denied by this Court and the Eleventh Circuit denied Mr. Jones' request for a Certificate of Appealability on that denial (DE # 87, Case No. 05-22622-CIV-KMM). The Supreme Court of the United States also denied certiorari on that issue, as well (DE # 88, Case No. 05-22622-CIV-KMM).

Mr. Jones has now filed a Motion to Correct Clerical Errors under Rule 36 (DE # 132). In this filing, Mr. Jones asserts that due to a clerical error in his Presentence

Investigation Report (PSI), he has been improperly classified by the Bureau of Prisons (BOP) and placed in a maximum security facility rather than a medium security facility (DE # 132).[1]  Mr. Jones contends that the PSI that was sent to the BOP incorrectly states that he had a prior conviction in state court for burglary with assault or battery "while armed."  Mr. Jones states that although the state court later amended the charge in that case to remove the "armed" element, the Court failed to attach an addendum to the presentence investigation report informing the BOP officials of that amendment.  As a result, Mr. Jones asserts that he was misclassified by the BOP.  Mr. Jones therefore requests that this Court issue an order modifying the PSI report to reflect accurate facts so that the BOP can properly classify him.  In addition, Mr. Jones requests that the Court send a new copy of his PSI to the Bureau of Prisons, with an attachment, to prove that Mr. Jones was not convicted of being "armed" in the state court matter.  Mr. Jones contends that the change to the PSI is proper under Federal Rule of Criminal Procedure 36 to correct a "clerical error" because the correction will not have an effect on his life sentence (DE # 132 at 6).

The Government has responded in opposition to the Motion (DE # 134) arguing that Rule 36 is an improper vehicle for amending the Mr. Jones' PSI.  In its opposition, the Government emphasizes that fact that the State of Florida's amendment to the Defendant's state court conviction occurred more than two years after Mr. Jones was sentenced in the instant case, and, thus the PSI did not contain a "clerical error" for purposes of Rule 36.

---

[1] Mr. Jones is presently incarcerated at USP Coleman I, a facility located in the Middle District of Florida.

For the following reasons, the undersigned concludes that the Government is correct. Mr. Jones is not entitled to the relief he requests under Rule 36 or any other statute or rule, and therefore his Motion should be denied.

## II. LAW AND ANALYSIS

### A. Federal Rule of Criminal Procedure 36

Rule 36 of the Federal Rules of Criminal Procedure, entitled "Clerical Error," provides, "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed.R.Crim.P. 36. Defendant Charles Edward Jones has cited to this section to support his claim that the Court may order the probation department to amend Mr. Jones' Presentence Investigation Report to reflect that he was not convicted in state court of "armed" burglary. However, Mr. Jones' argument fails for the following reasons.

In *United States v. Scott*, 327 Fed. Appx. 850 (11th Cir. 2009), the Eleventh Circuit affirmed a district court's denial of a pro se defendant's motion to correct alleged errors in the defendant's presentence investigation report (PSI) pursuant to Fed. R. Crim. P. 36. The defendant alleged that the PSI improperly stated that the offense for which he was convicted involved crack cocaine. The defendant argued that the incorrect information in his PSI had caused his criminal history score to be miscalculated and also caused prison administrators to erroneously assess his custody classification, which violated the Fifth Amendment of the United States Constitution. In denying his request for relief pursuant to Rule 36, the reviewing court determined that the defendant did not seek to correct the type of clerical error that Rule 36 was designed to correct. Specifically, the court noted that it had previously held that Rule 36 only allows for the correction of

4

"clerical mistakes" and may not be used to make substantive alterations to a criminal sentence. *Id. citing United States v. Portillo*, 363 F. 3d 1161 (11th Cir. 2004).

Similarly, in *United States v. Poux*, 362 Fed. Appx. 49 (11th Cir. 2010), a federal prisoner appealed the denial of his motion to correct his presentence investigation report based upon Fed.R.Crim.P. 36. The defendant asserted that a previous state drug conviction reflected in the PSI violated his constitutional rights and improperly resulted in an enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924 (e). In affirming the district court's denial of the motion, the reviewing court stated that Rule 36 only allows for the correction of clerical mistakes that are "minor and mechanical." The court opined that the defendant did not identify a clerical error in his case, rather sought to have the PSI amended to indicate that the state court conviction was not valid, and thus essentially raised a substantive challenge to the PSI, a type of relief not available under Rule 36.

In this case, although Mr. Jones has not suggested that his criminal history was miscalculated based upon the information contained in the PSI, Mr. Jones nevertheless seeks to have the PSI amended to reflect that his state court conviction was altered after Mr. Jones was sentenced by this Court. Thus, Mr. Jones does not even assert that there was any error made in the PSI at the time the PSI was written. In addition, to the extent that Mr. Jones asserts that the PSI now contains inaccurate information, the Eleventh Circuit has made clear that this is not the type of "mistake" that Rule 36 was designed to address because it is not a "clerical mistake" that is "minor and mechanical." Indeed, as stated by the district court in *United States v. Reed*, 2007 WL 1521491 *1 (N.D. Fla. May 23, 2007),

> Errors arising from an oversight or omission by the court,

>rather than through a clerical mistake are not within the purview of Rule 36...As courts have held in the context of Rule 36's twin, Federal Rule of Civil Procedure 60(a), a clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.

(Citations and quotations omitted).  Thus, given that Defendant seeks to amend the PSI substantively, rather than correct a clerical error, Defendant is not entitled to relief pursuant to Rule 36.

    B. <u>Other grounds for relief</u>

Although Mr. Jones has not cited to any other rule or statute as a basis for the relief he seeks, because Mr. Jones is a pro se defendant the undersigned construes his motion liberally and considers other possible avenues for the requested relief.[2]  "Federal courts are obligated to look beyond the label of a pro se inmate's motion to determine if it is cognizable under a different statutory framework," *United States v. Stossel*, 348 F.3d 1320, 1322 n. 2 (11th Cir. 2003).[3]  However, examining the relevant rules and statutes and based upon a thorough review of the record, the undersigned concludes that there is no other avenue of relief available to Mr. Jones in this criminal case.

As stated above, in the instant Motion, Defendant Jones requests that this Court issue an order directing the Probation Office to complete a modified PSI report which reflects that Mr. Jones was not convicted in state court of "armed burglary with assault

---

[2] In its opposition, the Government did not address the possibility of Mr. Jones seeking the requested relief under a different criminal rule or statute other than Rule 36.

[3] In addition, in *United States v. Davis*, 233 Fed. Appx. 944 (11th Cir. 2007), the Eleventh Circuit did not foreclose the possibility that a district court might have the authority to revise a PSI under a particular statute or rule even seven years after a defendant's conviction and sentence, but declined to reach that issue because neither party cited to such a rule, and the reviewing court was able to conclude that the district court properly denied the requested relief based upon the merits of the request.

or battery" but rather was only convicted of "burglary with assault or battery."  He also requests that the Court send a copy of the new presentence report to the Bureau of Prisons (BOP) so that the BOP will discontinue utilizing the "incorrect" information in classifying the Defendant.

To the extent that Defendant's request may be viewed as one seeking to correct or modify a sentence pursuant to Rule 35, the request is untimely.  Under Rule 35, the court may (a) correct a sentence that resulted from arithmetical, technical or other clear error within seven (7) days after entry of the sentence, or (b) upon the government's motion to reduce a sentence based upon the defendant's substantial assistance in investigating and prosecuting another person. The 7 day limitation under Rule 35(a) is jurisdictional. *See United States v. Diaz-Clark*, 292 F.3d 1310, 1317 (11th Cir. 2002). Thus, Mr. Jones' motion pursuant to this rule is untimely and must be denied on that basis alone. See *U.S. v. Scott*, 327 Fed. Appx. 850 (11th Cir. 2009) (after determining that pro se defendant was not entitled to relief under Rule 36, finding that defendant not entitled to relief under either Rule 35 because request was untimely).

Further, the undersigned is unable to discern any errors in the manner in which the PSI was prepared pursuant to Federal Rule of Criminal Procedure 32.  That Rule requires, *inter alia*, that any prior criminal record shall be included in the report.  As stated above, at the time the PSI was prepared and presented to the Court for sentencing, it correctly reflected the Defendant's prior convictions.  Moreover, the Defendant's sentence was not changed after the Florida State conviction was amended, because the District Court deemed that the "three strikes law" was still applicable to the Defendant and thus the PSI did not run afoul of Rule 32 by improperly calculating the Defendant's possible sentence.

In addition, Defendant is not entitled to relief pursuant to 28 U.S.C. § 2255 because he has already filed one motion pursuant to this section and has not obtained authorization to file a second or second § 2255 motion. *Id. See* 28 U.S.C. § 2255.

Finally, the undersigned notes that although the Defendant has not filed a civil suit directly against the BOP, he has requested that this Court take action in his criminal case in hopes of having the BOP re-assess his security classification. However, the BOP has wide discretion in classifying inmates and courts have regularly rejected defendants' requests to amend a PSI in an effort to have their security classification modified by the BOP. 18 U.S.C. § 4081. *See e.g. United States v. Davis,* 233 Fed. Appx. 944, 948-49 (11th Cir. May 29, 2007) (distinguishing between motion filed in criminal proceedings regarding BOP classification and civil suit filed directly against BOP); *United States v. Williams*, 2007 WL 4233320 (W.D. N.C. Nov. 28, 2007) (finding no basis for relief of defendant's request to modify presentence report in order to alter BOP classification and noting that defendant filed motion in criminal case rather than filing civil suit against BOP); *Owens v. United States,* 2008 WL 4997624 (W.D. Mich. Nov. 20, 2008) (rejecting defendant's petition for writ of mandamus seeking to have United States probation department amend PSI to reflect reduction in state offense so that BOP would assign lower security clearance); *United States v. Sake,* 2007 WL 1594683 *1 (W.D. Mich. June 1, 2007) (rejecting defendant's request for court to influence BOP's classification of defendant based upon amended PSI report and acknowledging BOP's full and broad discretion to classify prisoners). Thus, the Court has no authority to direct the BOP to reclassify the Defendant in the context of this case.

III. **CONCLUSION**

Therefore, based on a review of the record as a whole, it is hereby

**RECOMMENDED** that Defendant's Motion to Correct Clerical Errors under Rule 36 (DE # 132) be **DENIED**.

The parties will have fourteen days from the date of this Order within which to file written objections, if any, for consideration by the United States District Judge to whom this case is assigned.  Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein.  *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** in chambers in Miami, Florida, on March 30, 2011.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies via CM/ECF to:
    District Judge K. Michael Moore
    All counsel and pro se parties of record