UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 02-20875-CR-MOORE-TORRES

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

CHARLES EDWARD JONES,

        Defendant.
_____/

**REPORT AND RECOMMENDATION ON APPLICATION
TO PROCEED WITHOUT PREPAYMENT OF FEES**

This matter is before the Court on Defendant Charles Edward Jones' Application to Proceed Without Prepayment of Fees [**D.E. 143**] in connection with his appeal from an Order denying his Motion to Correct Clerical Errors Under Rule 36. The Honorable K. Michael Moore referred this motion to the undersigned Magistrate Judge. [D.E. 144]. After considering Defendant's Application and Financial Affidavit, and the entire record in this case, the Court recommends that the Application to Proceed Without Prepayment of Fees be DENIED, for the reasons set forth below.

### I. BACKGROUND

On April 24, 2003, after Defendant was found guilty of bank robbery and assault with a deadly weapon, he was sentenced to life imprisonment pursuant to 18 U.S.C. § 3559(c)(1)(A)(i) (the so-called "Three Strikes" law). [D.E. 59; D.E. 74]. The sentence

was based upon the federal robbery conviction and his two prior state court convictions for serious violent felonies. One of the two state court convictions was for "burglary with assault or battery while armed." [D.E. 116 at 1]. Subsequent to his conviction in federal court in this case and the imposition of his life sentence, Defendant obtained an amended judgment in his state court burglary case whereby the conviction for "burglary with assault or battery while armed" was modified to "burglary with assault or battery." [*Id.* at 2].

For the past several years, Defendant has made several attempts to be resentenced and/or have his sentence reduced based on his contention that the modified state court burglary conviction cannot be considered a "serious violent felony" and thus he no longer qualifies for a life sentence under the Three Strikes law. This specific argument was rejected on several occasions by the district court and the Eleventh Circuit Court of Appeals.

In August 2009, Defendant moved for resentencing on the aforementioned basis pursuant to 18 U.S.C. § 3559(c)(3)(A). The district court denied the motion on September 2, 2009. [D.E. 116]. In ruling, the court opined that the modification of the state court burglary conviction did not convert the conviction into a "nonqualifying felony" under the Three Strikes statute for purposes of sentencing Defendant.

Defendant then attempted to appeal *in format pauperis* from the Order denying his motion for resentencing. The district court denied the motion to proceed *in forma pauperis* on December 2, 2009 because the appeal was frivolous and not taken in good

faith. [D.E. 124 (Order adopting Report and Recommendation that Defendant's Motion to Proceed In Forma Pauperis On Appeal be denied [D.E. 123])].

Subsequently, the Eleventh Circuit denied Defendant's motion to proceed on appeal *in forma pauperis* from the denial of the motion for resentencing "because the appeal is frivolous." [D.E. 129]. The United States Supreme Court subsequently denied certiorari on the matter. [D.E. 136].[1]

Undeterred, Defendant filed a motion pursuant to Fed. R. Crim. P. 36 to correct clerical errors in his Presentence Investigation Report ("PSI"). [D.E. 132]. Defendant claimed the PSI that was sent to the Bureau of Prisons ("BOP") incorrectly reflected a prior state court conviction for burglary with assault or battery while armed which had resulted in his being misclassified by the BOP. Defendant sought to correct this so-called "clerical error" on his PSI based on the amended state court conviction.

The district court denied the motion on April 22, 2011. [D.E. 140]. In ruling, the court adopted the magistrate judge's Report and Recommendation [D.E. 137] which concluded that Rule 36 only allows for correction of "clerical mistakes" and may not be used to make substantive alterations to a criminal sentence, which is what Defendant

---

[1] The same argument for resentencing was rejected by the district court several years earlier in the context of a habeas corpus claim. In October 2005, Defendant moved to vacate his sentence pursuant to 28 U.S.C. § 2255. [*See* D.E. 1 in Case No. 05-22622-CIV-KMM]. The magistrate judge who recommended that the § 2255 motion be denied expressly rejected Defendant's argument that the modified state court conviction could not support the sentence imposed. [*See* D.E. 49 at 31-34 in Case No. 05-22622-CIV-KMM]. On December 14, 2006, the district court adopted the Report and Recommendation and denied the § 2255 motion; the Eleventh Circuit denied Defendant's request for a Certificate of Appealability on that denial; and the Supreme Court denied certiorari on the issue as well. [D.E. 56, D.E. 87, & D.E. 88 in Case No. 05-22622-CIV-KMM].

was seeking to do. The magistrate judge also determined that Defendant was not entitled to relief under Fed. R. Crim. P. 35 and 32, or 28 U.S.C. § 2255, nor did the court have authority to direct the BOP to re-assess its classification of Defendant.

Defendant has filed a notice of appeal from the April 22, 2011 Order denying his Rule 36 motion to correct clerical errors in his PSI. [D.E. 141]. His application to proceed *in forma pauperis* in that appeal [D.E. 143] is presently before us.

## II.   ANALYSIS

### A.   *Standard for Proceeding In Forma Pauperis on Appeal*

A litigant seeking to proceed *in forma pauperis* in any court proceeding, including on appeal, must satisfy the requirements of 28 U.S.C. § 1915. Of relevance here is the subsection that provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A defendant's good faith is demonstrated when he seeks appellate review of any issue that is not frivolous. *United States v. Alvarez*, 506 F. Supp. 2d 1285, 1290 (S.D. Fla. 2007) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). An application to proceed *in forma pauperis* may be denied if "if appears – objectively – that the appeal cannot succeed as a matter of law." *Id.* (citing *DeSantis v. United Techs. Corp.*, 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998), *aff'd*, 193 F.3d 522 (11th Cir. 1999)). Moreover, a case is frivolous when it appears there is "little or no change of success." *Id.* (citing *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)).

### B.     *The Present Appeal*

As noted, Defendant wishes to proceed *in forma pauperis* in his appeal from the Order denying his Rule 36 motion to correct the PSI. The record clearly demonstrates that any appeal of this Order is frivolous.

As explained in the Report and Recommendation that the district judge adopted in denying Defendant's motion, the law is well-settled that Rule 36 only allows for the correction of "clerical mistakes" and may not be used to make substantive alterations to a criminal sentence. [D.E. 137 at 4 - 6 (citing *United States v. Scott*, 327 Fed. Appx. 850, 851 (11th Cir. 2009) (citing *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004)); *United States v. Poux*, 363 Fed. Appx. 49, 50 (11th Cir. 2010); *United States v. Reed*, No. 1:88-cr-01007-MP-AK, 2007 WL 1521491, at * 1 (N.D. Fla. May 23, 2007))].

Here, Defendant is not alleging that a clerical error occurred at the time the PSI was prepared. Rather, he seeks to have the PSI amended based on state court action that occurred *after* his sentencing in this court. Any error in the PSI is not the result of a "clerical mistake" that is "minor and mechanical" and does "not fundamentally alter" Defendant's sentence. *See, e.g., Portillo*, 363 F.3d at 1165 (holding that Rule 36 is the proper vehicle by which a judgment may be corrected to conform to a court's oral pronouncement at sentencing regarding an order for restitution; "the mistake was clerical because it was 'minor and mechanical' and 'did not fundamentally alter Portillo's sentence" (internal citation omitted)). The "mistake" that Defendant seeks

to rectify is substantive in nature; it is not a minor and mechanical clerical error of the type that Rule 36 is designed to address.

Thus, the record clearly demonstrates that an appeal of the Order denying Defendant's motion to correct clerical errors in his PSI pursuant to Rule 36 is frivolous and is not taken in good faith. Accordingly, pursuant to § 1915(a), Defendant's application to proceed *in forma pauperis* on appeal should be denied.

### III.  CONCLUSION

For the foregoing reasons, this Court **RECOMMENDS** that Defendant Charles Edward Jones' Application to Proceed Without Prepayment of Fees [**D.E. 143**] be **DENIED** on the grounds that Defendant's appeal is not taken in good faith; and that Defendant be required to pay the full amount of the appellate filing fee if he desires to pursue this appeal. It is further

**RECOMMENDED** that the District Judge certify in writing that the appeal is not taken in good faith.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *R.T.C. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 9th day of September, 2011.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge